O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILL WATSON,<br><br>    Petitioner,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Respondent. | Case No. CV 14-9547-KES<br><br>MEMORANDUM OPINION AND ORDER |

  Plaintiff Marill Watson appeals the final decision of the Administrative Law Judge ("ALJ") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons discussed below, the Court concludes that the ALJ provided specific and legitimate reasons for rejecting the findings of Plaintiff's examining doctors, and that even upon consideration of additional evidence submitted to the Appeals Council, the ALJ's decision is supported by substantial evidence. The ALJ's decision is therefore affirmed.

///

///

# I.

# FACTUAL AND PROCEDURAL BACKGROUND

In May 2011, Plaintiff filed applications for DIB and SSI, alleging disability beginning in October 2009 because of "[d]iabetes," "legally blind in both eyes," and "cataracts." AR 175-84, 207. On September 20, 2012, the assigned ALJ recused herself. AR 39-40.[1] On February 27, 2013, a second ALJ conducted a hearing, at which Plaintiff, who was represented by counsel, appeared and testified, as did a vocational expert and a medical expert. AR 43-56.

On May 23, 1013, the ALJ issued a written decision denying Plaintiff's requests for benefits. AR 22-30. The ALJ found that Plaintiff had the severe impairments of bilateral cataracts and retinopathy. AR 24. She concluded that, notwithstanding his impairments, Plaintiff retained the ability to perform medium work, "except he cannot do any work involving precise vision or reading of fine print." AR 25. Based on the VE's testimony, the ALJ found that Plaintiff could not perform his past relevant work but could perform other jobs available in significant numbers in the national economy. AR 28-29. The ALJ therefore found Plaintiff not disabled. AR 30.

///

---

[1] Before the hearing, the ALJ saw Plaintiff step down from a bus and walk to the Social Security Administration building for his hearing. AR 39. She reported that he carried crutches in a bag but needed no assistance to get down from the high bus step and walked without limitations. Id. When Plaintiff appeared before her for the hearing, however, he used crutches to walk and wore a brace. Id.; see AR 323. Upon recognizing Plaintiff as the man she had seen earlier, the ALJ recused herself. AR 39-40; see also AR 323-25 (noting results of investigation into Plaintiff's suspected malingering, including reports of two witnesses who had known Plaintiff for several years and never seen him use a leg or foot brace, crutches, or any other assistive device).

## II.
## DISCUSSION

The parties dispute (1) whether the ALJ erred in assessing the opinions of examining doctors Elizabeth Burner and Rocely Ella-Tamayo and (2) whether the Appeals Council properly considered new evidence submitted by Plaintiff. Joint Stipulation ("JS") at 5.

**A.   The ALJ Did Not Err in Assessing the Opinions of Drs. Burner and Ella-Tamayo.**

    **1.   Relevant Background**

        a.   Dr. Burner

On May 22, 2011, Plaintiff visited the emergency room with complaints of back pain lasting two weeks, after carrying groceries and a car battery, but he left without being evaluated and against medical advice. AR 252-53, 255, 259-60, 264. The same day, emergency-room doctor Burner completed a Residual Functional Capacity Questionnaire form on Plaintiff's behalf. AR 247-48. She indicated that he was seen in the emergency room, was a Type II diabetic, and had degenerative conditions of the eye and back. AR 247. She noted symptoms of back pain, fatigue, and vision deterioration and checked a box to indicate that these were "[c]onstantly" "severe enough to interfere with the attention & concentration required to perform simple work-related tasks." Id. She noted that Plaintiff took Vicodin, which caused dizziness, stomach upset, and lethargy. Id.

Dr. Burner indicated that Plaintiff could not walk a city block without rest or significant pain; could sit, stand, or walk for only 30 minutes at a time; and could sit for two hours and stand or walk for one hour in an eight-hour workday. Id. She checked boxes to indicate that Plaintiff would need a job that enabled him to alternate between sitting, standing, and walking at will and take 20- to 30-minute breaks every half hour. Id. Plaintiff could occasionally

lift less than 10 pounds. AR 248. He could grasp, turn, and twist with his hands, perform fine manipulations with his fingers, and reach with his arms only 20% of the time. Id. Dr. Burner indicated that Plaintiff's eye condition limited his vision beyond six inches. Id. She indicated that he would be absent from work because of his impairments more than four times a month. Id.

Dr. Burner checked a box indicating that Plaintiff was a malingerer. Id.

### b.    Dr. Ella-Tamayo

On September 7, 2011, Dr. Ella-Tamayo performed an internal-medicine evaluation of Plaintiff on behalf of the agency. AR 269-74. Plaintiff complained of poor vision and a right-foot infection. AR 269. He reported that he had been diagnosed with bilateral cataracts and possible retinopathy but could not afford treatment. Id. He said he had lost 90 pounds in the previous year. AR 270. He had had a foot infection for a year, could not stand or walk for a long time, and had foot numbness. Id.

Upon examination, Dr. Ella-Tamayo noted poor vision in both eyes, partially improved by pinhole correction, and some haziness of the lenses. Id. Plaintiff was able to move about the room by himself without trouble. Id. His grip strength was 20/20/20 on the right but 100/100/100 on the left. Id. He had a fungal infection on the big toe of his left foot and inflammation with open sores on his right foot. AR 272. Dr. Ella-Tamayo noted Plaintiff's slow gait and slight right-side limp. Id. Plaintiff's exam was otherwise unremarkable. AR 271-73. In particular, Dr. Ella-Tamayo performed a musculoskeletal exam and reported that Plaintiff had no deformity, tenderness, or spasm and full range of motion in his back. AR 272.

Dr. Ella-Tamayo diagnosed history of untreated diabetes mellitus, right-foot cellulitis, and visual impairment. AR 273. She opined that Plaintiff could push, pull, lift, and carry 20 pounds occasionally and 10 pounds frequently, stand and walk two to four hours in an eight-hour day, with normal breaks

because of the cellulitis, and sit without restriction. Id. Plaintiff could squat only occasionally because of his right-foot inflammation but needed no assistive device to walk. Id.

### 2.     Applicable Law

Three types of physicians may offer opinions in Social Security cases: (1) those who directly treated the plaintiff, (2) those who examined but did not treat the plaintiff, and (3) those who did neither. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). A treating physician's opinion is generally entitled to more weight than that of an examining physician, and an examining physician's opinion is generally entitled to more weight than that of a nonexamining physician. Id. When a treating or examining physician's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. See Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008); Lester, 81 F.3d at 830. When it is contradicted, the ALJ must provide only "specific and legitimate reasons" for discounting it. Id. An ALJ need not accept the opinion of any physician, however, if it is brief, conclusory, and inadequately supported by clinical findings. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). The weight given a physician's opinion, moreover, depends on whether it is consistent with the record and accompanied by adequate explanation, the nature and extent of the treatment relationship, and the doctor's specialty, among other things. 20 C.F.R. §§ 404.1527(c)(3)-(6), 416.927(c)(3)-(6).

### 3.     Analysis

The ALJ found that Dr. Burner's opinion was "seriously undermined" by the "utter lack of support" from objective findings, her lack of familiarity with the Plaintiff, and her indication that he was a malingerer. AR 28. As the ALJ noted, Dr. Burner saw Plaintiff only once, if at all, in the emergency room, and he left without receiving treatment. AR 28; see AR 249-65 (medical

records from emergency-room visit with no indication that Dr. Burner saw Plaintiff), 264 (records indicating that Plaintiff left before being treated). Dr. Burner's limited or nonexistent treatment relationship with Plaintiff was a valid basis for discounting her opinion. See 20 C.F.R. §§ 404.1527(c)(1)-(2), 416.927(c)(1)-(2). Nor did Dr. Burner provide any basis for her opinion, which was unsupported by the emergency-room treatment notes and the limited other medical evidence of record. See Thomas, 278 F.3d at 957; Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). Although Plaintiff contends that the ALJ overlooked supportive evidence in the emergency-room records, he points to nothing therein that supports Dr. Burner's findings. See JS at 9-10. Rather, her opinion appears to have been based only on Plaintiff's subjective complaints, which she found consistent with malingering. AR 248. This, too, was a valid basis to discount the doctor's opinion, particularly given the ALJ's finding that Plaintiff was not credible, a conclusion he does not challenge. See Hegel v. Astrue, 325 F. App'x 580, 581 (9th Cir. 2009) (holding that evidence of claimant's malingering was among specific, legitimate reasons supporting ALJ's rejection of medical opinion); Vandover v. Astrue, No. 09-740, 2010 WL 883838, at *3 (C.D. Cal. Mar.5, 2010) (holding that evidence of claimant's malingering undermined reliability of medical opinion based in part on claimant's symptom reporting); see also Fair v. Bowen, 885 F.2d 597, 605 (9th Cir. 1989) (finding ALJ properly disregarded physician's opinion when it was premised on claimant's subjective complaints, which ALJ had already properly discounted).

   The ALJ gave little weight to Dr. Ella-Tamayo's opinion because it was unsupported by her own findings and by the objective medical evidence of record. AR 28. As the ALJ noted, although Plaintiff complained of back pain, Dr. Ella-Tamayo's findings upon musculoskeletal examination of Plaintiff were normal. AR 26; see AR 271-73 (noting full range of motion in back and

peripheral joints, full motor strength, and normal sensation and deep-tendon reflexes). That Dr. Ella-Tamayo recommended limitations unsupported by her own examination or by other evidence in the record was a valid basis to discount her opinion. See Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 n.3 (9th Cir. 2004); Connett v. Barnhart, 340 F.3d 871, 874-75 (9th Cir. 2003) (holding that ALJ did not err in rejecting opinion of treating physician whose restrictive functional assessment was not supported by treatment notes); Levesque v. Astrue, No. 08-1004, 2009 WL 2355633, at *4 (C.D. Cal. July 29, 2009) (finding that ALJ properly discounted medical opinion that was "contained in a form consisting solely of checked boxes, was conclusory and contained limitations unsupported by [his] own sparse treatment notes or other clinical evidence in the record"); Philippi v. Astrue, 473 F. App'x 808, 809 (9th Cir. 2012) (holding that ALJ properly discounted examining doctor's opinion that was internally inconsistent, unsupported by his own findings, and premised on claimant's discredited subjective statements). Moreover, although Plaintiff notes Dr. Ella-Tamayo's findings that he limped and had a slow gait, these were attributed to an untreated but treatable foot inflammation, not to an impairment expected to last at least 12 months, and thus do not support a finding of long-term limitation sufficient to establish disability. JS 11; see AR 272, 273 (providing for limitation in standing and walking "because of the cellulitis of the right foot" and in squatting "because of his right foot swelling"), 282 (agency doctor noting that "[c]ellulitis of foot is not expected to last more than 12 months if tracked"); 42 U.S.C § 423(d)(1)(A) (disability requires that impairment "has lasted or can be expected to last for a continuous period of not less than 12 months").

Although he does not present it as a ground for remand, Plaintiff also challenges the ALJ's reliance on medical expert Harvey Alpern, who opined that the evidence of record established "visual problems," including "a cataract

that needs removal," but no impairment related to back pain. JS 12; see AR 28, 51-52. As the ALJ noted, Dr. Alpern was knowledgeable about Social Security regulations and had the opportunity to review all the medical evidence and hear Plaintiff's testimony about his symptoms and limitations.[2] AR 28. The ALJ was thus entitled to rely upon his testimony. See 20 C.F.R. §§ 404.1527(e)(2)(ii), 419.927(e)(2)(ii) (noting import of consultant physician's expertise in Social Security rules); id. §§ 404.1527(c)(6), 416.927(c)(6) (extent to which doctor is "familiar with the other information in [claimant's] case record" is relevant factor in determining weight given to opinion); see also Andrews v. Shalala, 53 F.3d 1035, 1042 (9th Cir. 1995) (greater weight given to nonexamining doctors who are subject to cross-examination).

     Dr. Alpern noted that although Plaintiff complained of back pain, he had established no medically determinable impairment because he had not been fully evaluated, provided no x-rays, and his musculoskeletal exam was unremarkable. AR 51-52; see AR 260 (noting Plaintiff declined x-rays), 272-73 (noting normal musculoskeletal examination); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992) (noting that it is claimant's burden to establish impairment through "demonstrable by medically acceptable clinical and laboratory diagnostic techniques" (quoting 42 U.S.C. § 423(d)(3))). Plaintiff objects to Dr. Alpern's finding that he "ambulates well," noting Dr. Ella-Tamayo's finding of a slow gait and slight right-side limp. JS at 12; AR 52, 272. But as noted above, Dr. Ella-Tamayo attributed Plaintiff's gait and limp

---

[2] For example, Plaintiff testified that he regularly climbs two flights of stairs to his apartment and rides the bus to the grocery store and library. AR 48-50. He worked for a telemarketing firm until it closed and has interviewed for similar jobs. AR 45, 47.

to foot infection, not back pain, and reported normal range of motion without tenderness in his back. See AR 272-73. Emergency-room personnel similarly noted Plaintiff's "steady gait," lack of back deformity or tenderness, and full range of motion, strength, and sensation. AR 253, 272, 259. Thus, Dr. Alpern's testimony was consistent with the evidence of record. See Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) (noting that nonexamining physician's opinion may serve as substantial evidence with supported by and consistent with other evidence of record).

Because the ALJ gave specific and legitimate reasons for discounting the opinions of the examining physicians, remand is not warranted.

**B.     The New Evidence Submitted to the Appeals Council Did Not Warrant Remand.**

In connection with his request for review by the Appeals Council, Plaintiff submitted a June 10, 2013 treatment note titled "Patient Plan." AR 326-27. The single-page plan lists under the heading "Assessment/Plan" assessments of diabetes mellitus Type II, uncontrolled; a body-mass index consistent with being "overweight"; "painful" diabetic neuropathy; diabetic polyneuropathy; diabetic foot ulcers; ulcer of another part of the foot; and bilateral cataracts. AR 327. The plan includes measures of Plaintiff's height, weight, and blood pressure. Id. Plaintiff was prescribed medication to manage high blood pressure and diabetes. Id. The plan is not signed by a doctor, and it is unclear to what extent the assessments listed were self-reported by Plaintiff. The Appeals Council added the plan to the record. AR 5.

Social Security Administration regulations "permit claimants to submit new and material evidence to the Appeals Council and require the Council to consider that evidence in determining whether to review the ALJ's decision, so long as the evidence relates to the period on or before the ALJ's decision." Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1162 (9th Cir. 2012);

9

see also 20 C.F.R. §§ 404.970(b), 416.1470(b). "[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." Brewes, 682 F.3d at 1163; accord Taylor v. Comm'r of Soc. Sec. Admin., 659 F.3d 1228, 1232 (9th Cir. 2011); see also Borrelli v. Comm'r of Soc. Sec., 570 F. App'x 651, 652 (9th Cir. 2014) (remand necessary when "reasonable possibility" exists that "the new evidence might change the outcome of the administrative hearing").

Plaintiff contends that the Appeals Council erred in denying review on the basis of the new evidence, which he argues "confirms the existence of an impairment that reasonably limits [his] ability to stand/walk, as he initially complained." JS 24; see AR 207. But a single-page plan that contains no diagnostic support for the assessments of diabetes and related ailments is not sufficient to establish the existence of a medically determinable impairment of diabetes or neuropathy prior to the ALJ's decision. Drouin, 966 F.2d at 1257. Even if the Appeals Council did accept the June 2013 treatment note as evidence that Plaintiff had diabetes or neuropathy, the mere existence of an impairment does not equate to disability. Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) ("The mere existence of an impairment is insufficient proof of a disability."); Hamilton v. Chater, 106 F.3d 407 (9th Cir. 1997) (noting that diagnosis does not establish disability). It was Plaintiff's burden to establish the existence of a severe medically determinable impairment through objective medical evidence. Ukolov v. Barnhart, 420 F.3d 1002, 1004-05 (9th Cir. 2005). This he did not do.

Thus, it is not a reasonable possibility that the June 2013 treatment note would have altered the outcome of the administrative hearing. Borrelli, 570 F. App'x at 652. Remand is not warranted on this ground.

# V.
# CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: September 23, 2015


_____
KAREN E. SCOTT
United States Magistrate Judge